IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

THOMAS G. COOPER,            :
      PLAINTIFF,            :
                               :
vs.                          :    CIVIL ACTION FILE
                               :    NO.
COBB COUNTY, A Municipal     :
SUBDIVISION OF THE STATE     :
OF GEORGIA, and R. W.        :
HYATT,                       :
      DEFENDANTS.           :

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

COMES NOW, THOMAS G. COOPER, PLAINTIFF in the above styled action and states this Complaint against the Defendants as follows:

## I. JURISDICTION AND VENUE

1.

That this a Complaint for alleged violations of the Plaintiff's constitutional rights brought pursuant to 42 § U.S.C.A. 1983 et seq. Therefore, this Court has subject matter jurisdiction pursuant to 28 U.S.C.A. 1331.

2.

That upon information and belief all the parties reside within the Northern District of Georgia Atlanta Division, therefore venue is proper in this honorable Court.

## II. THE PARTIES

3.

The Plaintiff was at all times referred to herein, a certified law enforcement officer for the State of Georgia and employed by the Roswell Police Department.

4.

The Defendant Cobb County is a municipal sub division of the State of Georgia and subject to the jurisdiction of this Court. Service may be perfected upon this Defendant through the office of its County Chairman.

5.

The Defendant R.W. Hyatt was at all times referred to herein a detective for the Cobb County Police

Department and is subject to the jurisdiction of this Court.

### III. STATEMENT OF THE FACTS

6.

In 2011, Plaintiff was married but in state of separation with a divorce pending.

7.

The Plaintiff and his then wife were separated with the wife residing in Cobb County Georgia.

8.

That on or about November 19, 2010, Plaintiff arrived at the home of his now ex wife for the purpose of picking up his then minor child for visitation.

9.

When Plaintiff arrived at the ex wife's home, a verbal confrontation arose, instigated by the ex wife.

10.

That during the confrontation, Plaintiff was attacked physically by his ex wife, resulting in

minor scratches and bruises.

## 11.

That Plaintiff did not use any force on his ex wife and left the premises with the minor child.

## 12.

That Plaintiff immediately went to the Cobb County Police Department and filed an incident report of domestic violence.

## 13.

That the Cobb County Police Department not only took the Plaintiff's statement, they also photographed his injuries.

## 14.

That the case was assigned to Defendant Hyatt for further investigation.

## 15.

Defendant Hyatt is a member of a special unit of the Cobb County Police Department assigned the task of investigation of family violence actions.

16.

That Cobb County Police Department has a policy within this unit whereby the unit only prosecutes cases of men alleged to have committed acts of violence against women and children.

17.

The Defendant Hyatt does not prosecute claims against women for family violence.

18.

That the refusal to investigate and charge women with acts of family violence is a policy of the Cobb County Police Department.

19.

That Detective Hyatt's actions in the investigation of the Cooper Complaint were within the policy, practice, custom and procedure of the County of Cobb.

20.

That the actions of Defendant Hyatt, in the investigation of the Cooper case, were approved and

ratified by the Defendant Cobb County.

21.

Defendant Hyatt's investigation consisted of nothing more that an interview with Plaintiff's ex wife and the ex wife's best friend.

22.

That Defendant Hyatt did not look at the evidence of the Plaintiff's injuries, or Plaintiff's report made to Cobb County Police Department.

23.

That Defendant Hyatt admitted under oath that he was aware of the evidence and of the Complaint, but chose not to look at either.

24.

That, based upon the statement of the ex wife and her friend, Defendant Hyatt took out a warrant for the arrest of the Plaintiff.

25.

That Defendant Hyatt saw no evidence of any

physical injuries to the Plaintiff's ex wife, and she had not made any reports to the police. Yet he still determined that she was the victim of family violence simple battery.

### 26.

That Plaintiff was arrested and charged with battery under the Family Violence Statue of the State of Georgia.

### 27.

That Plaintiff was also subjected to a hearing in the Superior Court of Forsyth County on his ex wife's application for a Temporary Protective Order based upon the criminal charges.

### 28.

That the Superior Court of Forsyth County denied the Temporary Protective Order Petition.

### 29.

That during the hearing before the Superior Court in Forsyth County, the Defendant Hyatt testified under

oath.

## 30.

During that testimony, the Defendant admitted that he brought the charges against the Plaintiff without ever looking at Plaintiff's evidence, the report Plaintiff has made, or any other evidence to verify the Plaintiff's side of the event.

## 31.

That Defendant Hyatt also testified before the Superior Court that he only brought cases against men and not against women under the family violence.

## 32.

That Plaintiff was charged in the State Court of Cobb County State of Georgia for aggravated battery under the Georgia Family Violence statues based upon the warrant taken out by the Defendant Hyatt.

## 33.

That on the 3rd day of March 2011, the State Court of Cobb County entered an Order of Nolle Prosequi on

all charges.

34.

That on the 22nd day of June 2011, Plaintiff's
Petition for Expungement was approved by the Cobb
County Prosecutor.

## IV. CAUSE OF ACTION

35.

That the policy of Cobb County of prosecuting only
males, to the exclusion of females, constitutes a
denial of equal protection and due process guaranteed
under the Fourth and Fourteenth Amendments to the
Constitution of the United States.

36.

That the investigation by Hyatt was in complete
compliance with the policy, practice, custom, and
procedure of Cobb County.

37.

That the investigation by Hyatt was approved and
condoned by his superiors and Cobb County.

38.

That Defendant Hyatt conducted a highly prejudicial and biased investigation.

39.

That Defendant excluded from his investigation all evidence showing the Plaintiff's innocence or defenses.

40.

That the investigation by Hyatt excluded all evidence favorable to the Plaintiff.

41.

That Hyatt's biased and prejudicial investigation deprived the Plaintiff of his rights to equal protection and due process of law.

42.

That Defendant Hyatt's investigation omitting all evidence in support of the Plaintiff, and ignoring the Plaintiff's position constitutes a depravation of due process in violation of well recognized federal and

state law.

**43.**

That as a direct and proximate results of the policies of Cobb County Police Department, the Plaintiff has been deprived of his constitutional rights to due Process under the Fourth and Fourteenth Amendments.

**44.**

That Defendant Hyatt's conduct was wilful, malicious or with an intentional disregard for the consequences such as to entitled the Plaintiff to an award of punitive damages against Defendant Hyatt.

**45.**

That as a direct and proximate results of Defendants Hyatt's actions the Plaintiff has been deprived of his federally guaranteed constitutional rights under the Fourth and Fourteenth Amendments.

**46.**

That as a direct and proximate result of the

actions of Defendant Hyatt the Plaintiff has suffered damages.

Wherefore Plaintiff prays:

A. That he be awarded judgment jointly and severably against the Defendants;

B. That he be awarded compensatory damages in such amount as a jury may determine but not less than One Hundred Thousand dollars($100,000.00);

C. That he be awarded punitive damages in such amount as a jury may determine but not less than One Hundred Thousand Dollars ($100,000.00);

D. That he be awarded attorney's fees and cost of litigation pursuant to 42 U.S.C.A. 1988.

This 31 ST day of January, 2013.


                    Respectfully Submitted,

                    S/ Clifford H. Hardwick
                    Clifford H. Hardwick
                    Attorney For Plaintiff
                    Georgia Bar No. 325675
11205 Alpharetta Highway
Suite E-1

Roswell, Georgia 30076

(770) 772-4700
(770) 772-4488    **Fax**
chh@bellsouth.net

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

THOMAS G. COOPER,              :
        PLAINTIFF,             :
                               :
vs.                            :     CIVIL ACTION FILE
                               :     NO.
COBB COUNTY, A Municipal       :
SUBDIVISION OF THE STATE       :
OF GEORGIA, and R. W.          :
HYATT,                         :
        DEFENDANTS.            :

## JURY DEMAND

    Comes now Thomas G. Cooper, Plaintiff in the above-styled action, and files this his demand for trial by jury.

                            Respectfully Submitted,
                            S/ Clifford H. Hardwick
                            Clifford H. Hardwick
                            Attorney For Plaintiff
                            Georgia Bar No. 325675

11205 Alpharetta Highway
Suite E-1
Roswell, Georgia 30076

(770) 772-4700
(770) 772-4488    Fax

-14-